UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. BIRD, | No. 2:20–cv–351–KJM–KJN PS |
| Plaintiff, | ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS |
| v. | |
| GAVIN NEWSOM, | (ECF No. 2.) |
| Defendants. | |

Plaintiff, who is proceeding without counsel in this action, requested leave to proceed in forma pauperis.[1]  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  Plaintiff's affidavit makes the required showing, and so plaintiff's request to proceed IFP is granted.

The determination a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Under Section 1915, the court must dismiss the case if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons stated below, plaintiff's complaint is frivolous and so should be dismissed with prejudice.

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3). A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

**Analysis**

Here, plaintiff's complaint is largely a collection of various (asserted) legal principles with little substance concerning his actual injuries, in violation of the Rules. See McHenry, 84 F.3d at 1177 (noting that Rule 8 requires a pleading that is "simple, concise, and direct."). Plaintiff considers himself a "sovereign citizen," and alleges that a mandamus should issue against the current governor of California to "obey his Constitutional Oath," "Obey all the Immigration laws," and "publicly announce this order and void this ruling." Plaintiff also cites to the 14th Amendment, but appears only to seek mandamus as relief. (See ECF No. 1.)

Plaintiff's complaint, to the extent it is intelligible, does not remotely allege sufficient facts indicating a constitutional violation of some sort occurred to support a claim under 42 U.S.C. Section 1983. The same holds true for the list of causes of action in the caption: "fraud, malice, malfeasance, misfeasance, emotional distress, outrageous conduct." To the extent that plaintiff is attempting to assert such claims, they are frivolous on their face and should be dismissed for lack of subject matter jurisdiction. Grancare, 889 F.3d at 549-50.

Further, as plaintiff has been informed in the past, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. A federal court's authority to issue extraordinary writs, including writs of mandamus, derives from the All Writs Act. 28 U.S.C. § 1651(a). Thereunder, all federal courts may issue writs "in aid of their respective jurisdictions . . . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." Id. It is well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See, e.g., Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1161-62 (9th Cir. 1991) ("A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.") As the core of plaintiff's complaint is for mandamus against the California governor, it must be dismissed. Further, leave to amend should be denied. Cahill, 80 F.3d at 339 (if amendment would be futile, no leave to amend need be given).

**Findings on Plaintiff's Litigation History**

Before disposing of this case, the undersigned takes specific notice of plaintiff's litigation history in this court. First, plaintiff has raised this same kind of mandamus claim in the past, and has been informed that no such claim may lie in federal court. See Bird v. Brown, No. 2:18-CV-0974-MCE-CMK, 2018 WL 3955998, at *1 (E.D. Cal. Aug. 17, 2018), report and recommendation adopted, No. 2:18-CV-0974-MCE-DMC (E.D. Cal. Nov. 15, 2018); see also Bird v. Waters, 2:20-cv-00178-TLN-DMC; Bird v. Parker, 2:10-cv-00477-MCE-CMK; Bird v. Bowen, 2:08-cv-01253-JAM-CMK; Bird v. Bowen, 2:08-cv-01088-MCE-CMK.

Second, plaintiff has a long history of filing frivolous claims with this court, all of which were dismissed either upon screening or at the motion to dismiss stage (save two that were voluntarily dismissed).[3] Though plaintiff seems to have abated in filing such frivolous claims in recent years, this lull does not put him beyond the reach of a vexatious-litigant order. De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

Third, the undersigned knows plaintiff is aware that he could be barred from filing any future actions in this court, as he was specifically warned in previous cases. See Bird v. Mueller, 2:04-cv-00504-MCE-GGH (warning of the potential for a vexatious litigant order, and stating that "[t]he court will not tolerate further harassing actions"); Bird v. Hollows, 2:04-cv-01938-DFL-JFM (declining to enter a vexatious litigant order at that time, but warning that "plaintiff would be well-advised to heed [the court's] admonitions" to cease filing frivolous lawsuits).

---

[3] Bird v. Waters et al, 2:20-cv-00178-TLN-DMC; Bird v. Brown, 2:18-cv-00974-MCE-DMC; Bird v. Skillman, et al., 2:17-cv-02018-TLN-CMK; Bird v. Kellison, 2:17-cv-02016-JAM-AC; Bird v. Guarino, 2:17-cv-00554-MCE-CMK; Bird v. Skillman, 2:16-cv-02352-GEB-CMK; Bird v. County of Tehama, 2:13-cv-02549-MCE-CKD; Bird v. Parker, 2:10-cv-00477-MCE-CMK; Bird v. Bowen, 2:08-cv-01253-JAM-CMK; Bird v. Bowen, 2:08-cv-01088-MCE-CMK; Bird v. Lamalfa, 2:07-cv-00506-GEB-CMK; Bird v. Eversole, 2:05-cv-02233-DFL-PAN; Bird v. Eversole, 2:05-cv-01757-LKK-GGH; Bird v. Scheuler, 2:05-cv-00264-LKK-CMK; Bird v. Lucas, 2:04-cv-02626-DFL-DAD; Bird v. Hollows, 2:04-cv-01938-DFL-JFM; Bird v. Mueller, 2:04-cv-00504-MCE-GGH; Bird v. Reinhardt, 2:03-cv-02227-GEB-KJM; Bird v. Davis, 2:01-cv-02313-GGH; Bird v. Davis, 2:01-cv-01139-MLS-GGH.

Pursuant to plaintiff's lengthy litigation history of filing frivolous suits, the undersigned renews the court's warning to plaintiff: any continued filing of frivolous lawsuits in this court may be met with sanctions—which may include the institution of a pre-filing order restricting his ability to file cases in this district without prior court approval. See De Long, 912 F.2d 1144, 1146 (9th Cir. 1990) (noting that the district courts have the power under the All Writs Act, 28 U.S.C. Section 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (noting that before entering a pre-filing order, the court is to: (I) give the litigant notice and a chance to be heard before the order is entered; (II) compile an adequate record for review; (III) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (IV) narrowly tailor the vexatious litigant order to closely fit the specific vice encountered).

## ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 8, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bird.351